STATE BOARD OF EXAMINERS IN LAW. v. BENJAMIN G. REYNOLDS.[1]

May 11, 1906.

Nos. 14,480—(3).

**Suspension of Attorney.**

In proceedings to disbar an attorney and counselor at law, *held*, that the respondent is guilty of unprofessional conduct, and ordered that he be suspended from practice for the period of one year.

Application to the supreme court by E. Southworth, as secretary of the state board of examiners in law for the disbarment of Benjamin G. Reynolds for professional misconduct. Judgment of disbarment for one year ordered.

*E. Southworth,* for petitioner.

*Knox & Faber,* for respondent.

PER CURIAM.

In July, 1905, charges were duly filed against the respondent, Benjamin G. Reynolds, by the secretary of the state board of examiners in law, charging him with wilful misconduct in his profession.

It was alleged, in substance, that for more than twenty years last past the said Benjamin G. Reynolds has been and is an attorney at law of this state. That on June 21, 1905, there was on trial at the city of Blue Earth in the district court of the Seventeenth district in and for Faribault county, an action in which Gustave Hoppe and Edward Busse were plaintiffs, and Robert Feist, defendant, which action was being tried before Hon. James H. Quinn and a jury. Alonzo F. Cummings, a resident of the city of Blue Earth, was one of the jurors duly impaneled to try said cause. The respondent, Reynolds, was the attorney for the plaintiffs in said action, and as such attorney was present and conducted the trial on behalf of the plaintiffs. While the trial of the case was in progress, the court took a recess until eight o'clock in the evening. During the recess, soon after the juror Cum-

[1]Reported in 107 N. W. 144.

mings left the courthouse, he was overtaken on the street by Reynolds and invited to go to a saloon and have a drink. Cummings went to the saloon, and was soon after followed by Reynolds, who took the juror into a small room adjacent to the bar and purchased and gave to him two drinks of whiskey and a bottle of whiskey to take away with him, and also gave the juror a dollar. While in the room Reynolds conversed with Cummings about the case on trial, in which he was then a juror, and expressed a wish that his client might prevail and have a verdict in his favor. It is charged that

> Said whiskey and said money was so given by said Benjamin G. Reynolds to said Alonzo F. Cummings, with the intent and for the purpose of then and there and thereby bribing and influencing said Cummings to act, as such juror, favorably to the interests of said client of said Benjamin G. Reynolds in determining the verdict to be rendered in said cause.

An order to show cause was issued, the defendant answered, the matter was referred to a referee, and the evidence was taken and reported to the court.

After full consideration of the charges and the evidence, we have reached the conclusion that the charges are sustained. There is some variance between the allegations of the formal charge and the evidence, but it does not go to matters which affect the substance of the offense as charged. Mr. Reynolds admits that he was in the saloon with the juror at the time charged, and that while there he purchased whiskey for him to drink, loaned him a dollar in money, and also bought a bottle of whiskey which the juror carried away. It appears from the evidence of Cummings that the conversation, in which Reynolds expressed to the juror his desire that his client should have a verdict in his favor, took place after they had left the saloon and reached the street. The gist of the offense is the attempt to influence the action of the juror by furnishing him whiskey and money. The conversation on the street was admissible in evidence for the purpose of characterizing the respondent's conduct while in the saloon. What occurred, as disclosed by uncontradicted evidence and the admissions of Reynolds, is sufficient to sustain the charge.

An attorney who, while a case is on trial, goes into a saloon with a juror and there furnishes him with intoxicating liquors, under the circumstances disclosed by this record, is guilty of a very serious violation of the obligations which by law and custom are imposed upon the legal profession. The impropriety of such conduct is so manifest that further comment is unnecessary. We therefore hold that the charge has been sustained, and that Mr. Reynolds has been guilty of a breach of professional duty as an attorney and counselor at law which subjects him to discipline.

The judgment of the court is that the respondent be suspended from practicing as an attorney and counselor at law in any of the courts of this state for the period of one year. In imposing so slight a punishment for so grave an offense, we have taken into consideration the age and previous good record of the respondent.

Let judgment be entered accordingly.